UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James H. Davis, #312333, | ) | C/A No. 2:13-1646-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| J. Ranck, NCPD Officer #192; North Charleston | ) | |
| Police Dept.; and Herbies Towing of North Charleston, | ) | |
| SC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

James H. Davis ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights

complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner housed at the Ridgeland Correctional

Institution of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) D.S.C., the undersigned is

authorized to review such complaints for relief and submit findings and recommendations to the

assigned District Judge. For the reasons that follow, it is recommended that the complaint be

dismissed for failure to state a claim on which relief may be granted.

**BACKGROUND**

Plaintiff files this civil rights action against Herbies Towing of North Charleston ("Herbies"),

Officer Ranck, and the North Charleston Police Department ("NCPD") after his vehicle was towed

and stored incident to his arrest. Defendant Ranck, a law enforcement officer with the NCPD,

arrested Plaintiff and, along with other NCPD officers, impounded his vehicle. ECF No. 1 at 4-6.

Plaintiff alleges that Defendant Ranck and unnamed NCPD officers did not appropriately complete

the "Towed Vehicle Protective Custody Form," a property inventory form, for items that were in

Plaintiff's automobile prior to it being towed. *Id.* Plaintiff asserts that upon his release from jail,

he "discovered his jeep had been vandalized and burglarized while impounded by Herbies Towing

and the City of North Charleston." *Id.* at 7.

Plaintiff claims "violation of civil rights, theft, burglary, and vandalism by Herbie's

Towing." *Id.* at 2.  The complaint states the first legal claim is deprivation of civil rights through

dereliction of duty by each defendant based on the inaccurate completion of the property inventory

form and Herbies' failure to correct the inaccuracy of the inventory form.  *Id.* at 8.  The second legal

claim in the complaint asserts "vandalism, burglary, grand larceny, breach of trust, and breach of

the fiduciary responsibility owed to Plaintiff."  *Id.* at 9.  Plaintiff also asserts a possible conspiracy

to deprive him of his assets through the inaccuracy of the inventory form, and points to the

deliberate indifference  of law enforcement to his loss caused by the inaccurate property inventory.

*Id.*

He seeks the termination of employment for unidentified North Charleston Police Officers,

as well as Defendant Ranck, involved in the property inventory of his vehicle.  Plaintiff also seeks

specific amendments to state laws and policies that govern the content and application of the

property inventory form used for towed and impounded vehicles.  *Id.* at 11-15.  Additionally, he

requests compensatory and punitive damages, along with the costs of this lawsuit. *Id.* at 14.

### STANDARD OF REVIEW

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant

to commence an action in federal court without prepaying the administrative costs of proceeding

with the lawsuit, upon the court's finding of *in forma pauperis* status.  To protect against possible

abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that

the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) (B), as well as 28 U.S.C. § 1915A(b), for failure to state a claim.

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Action taken under color of state law, also called state action, is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Holly v. Scott*, 434 F.3d 287, 291, 292 (4th Cir.2006) ("Statutory and common law, rather than the Constitution, traditionally govern relationships between

private parties.")).  To act under color of state law for purposes of § 1983, the action of a private party, such as Herbies Towing, that allegedly causes the deprivation of a federal right, must be "fairly attributable to the state."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50.

It is not necessary in this case, however, to determine if the actions of Herbies Towing constitute action under color of state law.  To be actionable under § 1983, state action, whether governmental or private but attributable to the state, must cause the deprivation of a federal right. Plaintiff must allege two essential elements to state a claim under § 1983:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, the complaint does not present a plausible claim for violation of a federal right. The complaint fails to identify, or allege facts that establish, the violation of a right secured by the Constitution or laws of the United States.  Plaintiff essentially claims conversion of his personal property and damage to his vehicle because an inventory form was not accurately completed by Defendant Ranck or other law enforcement officers of the North Charleston Police Department.  He also claims the defendant, Herbies Towing, failed to correct the inaccurate inventory form, and further speculates about the possibility of a conspiracy among the defendants to deprive him of his personal property.  Although the complaint contains terminology such as deprivation of civil rights and conspiracy, mere conclusory statements do not state a claim.  *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even if the complaint could be liberally construed as claiming deprivation of Plaintiff's property without due process of law, it fails to state a claim under § 1983.  To prevail on a claim for deprivation of due process, Plaintiff must first demonstrate that he was deprived of life, liberty, or property by governmental action without the due process of law provided by the Fourteenth Amendment.  *Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir.1996); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 826-27 (4th Cir.1995).  Plaintiff's allegations state that he was deprived of property by state action based on the inaccurate completion of the property inventory form.  Plaintiff does not have a constitutional right to have a property inventory form accurately completed by law enforcement or a towing company.

Alleged inaccuracies that led to loss of property, whether negligent or intentional (which Plaintiff implies with his conspiracy claim), do not state a claim under § 1983.  In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court held that the unauthorized, intentional deprivation of property by the State, "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Plaintiff has remedies under South Carolina law to obtain relief for the alleged damage to his vehicle and conversion of his personal property by bringing a tort action in state court.  *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (State courts are available for property claims and the State process is constitutionally adequate); *Plumer v. State of Maryland*, 915 F.2d 927, 930–31 (4th Cir.1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process). Accordingly, Plaintiff fails to state a claim for violation of his constitutional right to due process based on the

alleged deprivation of his property through the failure to accurately complete a property inventory form.

The complaint raises claims against the defendants that are based in state law rather than federal law.  Diversity jurisdiction, which allows state law claims to be considered in federal court, is established where diversity of citizenship exists and the amount in controversy is over $75,000. 28 U.S.C. § 1332.  The complaint does not establish diversity jurisdiction in this case. Absent diversity jurisdiction, claims based on state law can only be considered in federal court through the exercise of pendent, also known as supplemental, jurisdiction.  Under pendent jurisdiction, federal courts have authority to decide related state law claims that are part of the federal case or controversy which provides federal jurisdiction.  28 U.S.C. § 1367(a).  A federal court, however, is permitted to decline supplemental jurisdiction when " the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The complaint in this case fails to state a claim based on federal rights under 42 U.S.C. § 1983, and therefore this court should decline to consider only the state law claims in the complaint.

## RECOMMENDATION

Based on the foregoing, it is recommended that this case be dismissed *without prejudice.*


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 4, 2013
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).